UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE WILSON, | Case No. 16-10847 |
| Plaintiff, | Sean F. Cox |
| v. | United States District Judge |
| CINDY OLMSTEAD, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CINDY OLMSTEAD AND MICHIGAN BRAILLE TRANSCRIBING
FUND'S MOTION TO DISMISS (Dkt. 23)**

On March 7, 2016, plaintiff George Wilson, a prisoner confined in the Michigan Department of Corrections, brought this action under 42 U.S.C. § 1983 alleging that his First and Fourteenth Amendment rights had been violated. (Dkt. 1). Plaintiff alleges that worked in the prison for over 11 years in association with the Michigan Braille Transcribing Fund ("MBTF"). (Dkt. 1, ¶ 17). This case concerns plaintiff's termination from his prison job and his subsequent transfer to another facility.

On May 23, 2016, MDOC defendants Chandler Cheeks, Corby DeForest, Randall Haas, and Jennifer Rohrig filed a motion to dismiss indicating that plaintiff did not sufficiently plead that the MDOC defendants violated any clearly

1

established rights, and that they are entitled to qualified immunity.[1] (Dkt. 16). On September 9, 2016, defendants, the Michigan Braille Transcribing Fund ("MBTF") and its President and Chief Executive Officer, Cindy Olmstead, filed a motion to dismiss. (Dkt. 23). Plaintiff filed a response to Olmstead and the MBTF's motion on October 19, 2016. (Dkt. 26).

On February 17, 2016, the undersigned issued a Report and Recommendation recommending the granting of the MDOC defendants' motion to dismiss in its entirety and dismissing the MDOC defendants Chandler Cheeks, Corby DeForest, Randall Haas, and Jennifer Rohrig with prejudice. (Dkt. 28). No objections were filed and on March 17, 2017, District Judge Sean F. Cox entered an order accepting and adopting the Report and Recommendation. (Dkt. 30).

This Court has reviewed the pending motion and is otherwise fully advised. For the following reasons, the undersigned **RECOMMENDS** that Olmstead and the MBTF's motion to dismiss (Dkt. 23) be **GRANTED** in its entirety and that Olmstead and the MBTF be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

In the Report and Recommendation on the MDOC defendants' motion to

---

[1] The MDOC defendants point out that two of defendants' names were misspelled in the caption of the complaint. "Coby DeForest" is correctly spelled "*Corby* DeForest." "Randall Hass" is correctly spelled "Randall *Haas*." Also, throughout the complaint, plaintiff spelled non-MDOC defendant's name both "Omlstead" and "Olmstead." The correct spelling is "*Olmstead*."

dismiss, this Court set forth a comprehensive factual background of the underlying dispute. (Dkt. 28). The undersigned will restate the relevant facts here and will include any additional facts as necessary.

Plaintiff alleges that on the morning of October 23, 2014, he and fellow inmate Clemente Pena ("Pena") were removed from their MBTF jobs for a routine strip search because another inmate had been taken to administrative segregation. (Dkt. 1, Pg ID 3-4). Following the strip search, both plaintiff and Pena were cleared to return to work. Later that afternoon, A-Unit officer Piper informed plaintiff that he was "laid-in" indefinitely from his braille assignment without any reason. Plaintiff alleges that Pena was "laid-in" indefinitely also. On October 27, 2014, A-Unit officer Morris informed plaintiff to report to the Cotton yard shack. When plaintiff arrived at the yard shack, braille corrections officer Cope handed plaintiff his personal belongings and informed plaintiff that he had been terminated per defendant Olmstead. (Dkt. 1, Pg ID 4). Plaintiff found out that fellow inmate Pena was also terminated. Plaintiff had worked for the MBTF from May 23, 2003, until October 27, 2014 (11 years and five months) without any negative work reports or write-ups. (*Id.*)

On October 28, 2014, defendant Cheeks informed Pena that he would meet with the inspector regarding plaintiff's and Pena's terminations. The next day, plaintiff was told to pack up as he and Pena were "riding out" (i.e., being

3

transferred) the next day. Plaintiff alleges that the transfer was scheduled because he and Pena complained about being removed from their braille jobs. Plaintiff's Security Classification Screen (CJS-481) was entered on October 28, 2014 for transfer and signed by defendant Cheeks. Plaintiff alleges that this action was taken in violation of his First Amendment rights to be free from retaliation. Plaintiff had not received one negative prisoner program and work assignment evaluation (CJS-363) in the eleven years and five months that he worked for the MBTF. Plaintiff had also not received one bad security Classification Screen in the twelve years and ten months since he had been at the G. Robert Cotton Correctional Facility, and was considered a model prisoner. Nevertheless, when he complained about being removed from his high paying-braille job, he was transferred to another facility in the Upper Peninsula (Chippewa Correctional Facility), a known disciplinary facility.

On November 3, 2014, plaintiff filed two grievances regarding the above actions. The first grievance (JCF-14-11-2614-28A) regarding defendant Cheeks and a second grievance (JCF-14-11-2615-02A) regarding defendant Olmstead. In both grievances, plaintiff requested reinstatement of his job, any due back pay, and an explanation for the reason he was fired. In the Cheeks' grievance, he also requested a reason for his transfer. On November 4, 2014, plaintiff sent a complaint to the MDOC Office of Legal Affairs alleging a violation of his

4

Fourteenth Amendment due process rights and other policy and procedures. (Dkt. 1, Pg ID 6). On November 12, 2014, defendant Rohrig rejected plaintiff's grievance JCF-14-11-2614-28A as being a duplicate of grievance JCF-14-11-2615-02A, a move that plaintiff claims was made to impede the grievance process. (*Id*.) On November 14, 2014, plaintiff sent a complaint to the MBTF Board members also alleging a violation of his Fourteenth Amendment due process rights. Plaintiff asserts that MBTF never responded to this complaint.

On November 25, 2014, plaintiff alleges that defendant Olmstead manufactured a falsified misconduct report for allegedly smuggling and destruction/misuse of MBTF property - action that plaintiff claims was retaliatory. The next day, plaintiff was reviewed on the Class I and II misconduct report and spent nine days "non-bond" toplock where he remained confined to his cell because the administrative segregation units were full. (Dkt. 1, Pg ID 7). A little over a week later, plaintiff was found not guilty of the misconduct charges. (*Id*. at Pg ID 8). Plaintiff alleges that the hearing report reveals that other MDOC employees encouraged and aided defendant Olmstead in filing the misconduct report. These employees are identified as Mark Holey and Lanny Akers, who are not defendants in this case. (*Id*. at Pg ID 8-9).

On December 12, 2014, defendant Rohrig rejected plaintiff's step I grievance (JCF-14-12-2816-27A). That rejection explained:

5

> The main issue contained within the grievance is part of a hearing handled by the Licensing and Regulatory Affairs (LARA). Decisions made in or associated around Administrative Hearings conducted by hearing officers of LARA, including property disposition, and issues directly related to the hearing process (e.g./ sufficiency of witness statement; timeliness of misconduct review; timeliness of hearing), or decisions made in minor misconduct hearings, including property dispositions, are non-grievable.

Plaintiff claims that the rejection was in violation of MDOC policy directive PDO3.02.130 K, which states that "[a] grievant shall not be penalized in any way for filing a grievance except as provided in this policy for misusing the grievance process."

On January 8, 2015, plaintiff received a prisoner program and work assignment evaluation (CJS-363) form, back-dated, November 12, 2014. (Dkt. 1, Pg ID 10). Plaintiff asserts that the language on the form was an exact duplicate of the Class I and II misconduct report for which plaintiff was found not guilty. Plaintiff claims a violation of MDOC PDO3.03.105, which states: "[i]f the prisoner is found not guilty or the charges are dismissed, the Misconduct Report and Class I Misconduct Hearing Report shall not be filed in any of the prisoner's files or used against the prisoner." On January 15, 2015, defendant Haas rejected plaintiff's step II grievance as untimely. Plaintiff claims that this grievance should not have been rejected as untimely as they are to be considered filed on the date

6

sent by the prisoner.

Based on the above, plaintiff requests an order that defendants have violated the U.S. Constitution and seeks declaratory, compensatory, and injunctive relief. Defendants Olmstead and the MBTF claim that they are entitled to dismissal under Fed. R. Civ. P. 12(b)(6) for four reasons: (1) plaintiff has failed to allege that defendants are subject to the due process requirements provided in the Fourteenth Amendment; (2) plaintiff has failed to allege that his position within the braille program amounted to a constitutionally-protected right under the Fourteenth Amendment; (3) plaintiff was not an employee of MBTF; and (4) plaintiff is seeking relief that defendants cannot provide.

## II. ANALYSIS

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his [or her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n

of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)).

The Supreme Court has raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

B. <u>Legal Analysis & Conclusions</u>

This Court has already concluded, and the District Court has adopted, that

8

to the extent plaintiff contends that being terminated from his prison braille job and the transfer were related, plaintiff has no constitutional right to a prison job; and second, plaintiff's allegations do not support a relation between the loss of his job and the transfer. (Dkt. 28, Pg ID 320). Plaintiff alleged in his complaint that he was terminated from his braille job "without reason" by defendant Olmstead. (Dkt. 1, Pg ID 4). As noted in the Court's prior Report, a result - *i.e.* the transfer, which occurred *after* his termination, could not have "caused" plaintiff to lose his job. Indeed, it is well-settled that plaintiff does not have a constitutional right to a prison job. As a general rule, a prisoner has no constitutional right to a prison job or a particular prison program. *Tate v. Howes*, 2009 WL 1346621, *5 (W.D. Mich. 2009) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, 1998 WL 69810, *2 (6th Cir. 1998) (no constitutional right to

educational classes); *Tribell v. Mills*, 1994 WL 236499, *1 (6th Cir. 1994) ("[N]o constitutional right to vocational or educational programs")). Also, because plaintiff did not allege that his transfer interfered with his right to access to courts and plaintiff had no constitutional right to his braille job, no constitutional right was infringed here. Therefore, the undersigned recommends, as it did with the MDOC defendants, that Olmstead and the MDTF's motion to dismiss be granted and that plaintiff's complaint against them be dismissed with prejudice.

Olmstead and the MBTF also argue that they are not state actors under 42 U.S.C. § 1983. They argue in the alternative that if they are deemed state actors, then they are entitled to an order in their favor based on qualified immunity; however, the undersigned has concluded, viewing the facts in the light most favorable to plaintiff, that the conduct of Olmstead and the MBFT has not violated any of plaintiff's constitutional rights. Thus, the undersigned suggests that no analysis is necessary at this time concerning either theory. Based on the above recommendations, the court will not opine on defendants' alternative bases for relief.

## IV. RECOMMENDATIONS

For the above stated reasons, the undersigned **RECOMMENDS** that defendants Olmstead and the MBTF's motion to dismiss (Dkt. 23) be **GRANTED** in its entirety and that Olmstead and the MBTF be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 26, 2017          s/Stephanie Dawkins Davis
                              Stephanie Dawkins Davis
                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on April 26, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: George Wilson #199258, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov